IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

GREGORY AND CHRISTINA WALSH, )
)
    Plaintiffs, )
)
v. ) Civil Action No. 1:15-cv-00936
)
NATIONSTAR MORTGAGE LLC, )
ET AL., )
)
    Defendants. )
)

FILED JUL - 7 2016 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Plaintiff's Motion to Extend Time in Which to File an Appeal.

Plaintiffs' request is neither timely nor compelling. Plaintiffs are responsible for monitoring the developments in this case, which was dismissed with prejudice on January 22, 2016. Plaintiffs filed this Motion three months later and fail to establish good cause or excusable neglect. They fail to establish any notification error by the Clerk of the Court.

Plaintiffs filed their Petition for Declaratory and Injunctive Relief ("Petition") in the United States District Court for the District of Columbia on January 8, 2015. In a Memorandum Opinion and Order dated June 29, 2015, Judge Christopher R. Cooper granted Defendants' Motions to Dismiss as to all claims save Plaintiffs' claim under 15 U.S.C. § 1641(g).

1

Judge Cooper transferred the case to this Court. On December 3, 2015, Defendants filed a Motion for Judgment on the Pleadings. Plaintiffs failed to file any opposition to the Motion for Judgment on the Pleadings. On January 22, 2016, the Court entered an Order granting Defendants' Motion for Judgment on the Pleadings ("Dismissal Order").

Three months later, Plaintiffs filed their Motion to Extend Time in Which to File an Appeal, requesting that this Court vacate the Dismissal Order and allow them "no less than 90 days from the date of this pleading to prepare an Appeal." In support of this request, Plaintiffs allege that they did not receive "official notice" of the Dismissal Order. Plaintiffs aver that they only received notice of the Court's Order "[o]n or about April 6, 2016 [when] Plaintiff researched Court records and found a notice of an Order by the Court dated January 22, 2016." Plaintiffs argue that they were unable to timely file an appeal of this matter due to a lack of service of the Court's Dismissal Order. Plaintiffs argue that such alleged lack of service is a violation of their due process rights.

Pursuant to Rule 3(a)(1) of the Federal Rules of Appellate Procedure, "[a]n appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the

time allowed by Rule 4." In a civil case, "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). "[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional." <u>Bowles v. Russell</u>, 551 U.S. 205, 209 (2007).

Here, pursuant to Rule 4(a)(1)(A), the deadline to appeal the Court's Dismissal Order was February 22, 2016. The Court's docket demonstrates that Plaintiffs did not file a notice of appeal by the deadline. Accordingly, Plaintiffs waived their right to appeal.

To the extent that Plaintiffs' Motion to Extend Time in Which to File an Appeal could be construed as a motion for extension of time to appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure, such a request also fails. Rule 4(a)(5)(A) provides that a district court may extend the time to file a notice of appeal when

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A)(i) and (ii). Here, the deadline to file a motion for extension of time pursuant to Rule 4(a)(5)(A)(i) would have expired 30 days after February 22, 2016,

3

or March 23, 2016. See Goode v. Winkler, 252 F.3d 242, 245-46 (2d Cir. 2001) (the district court had no authority to consider a *pro se* Fed. R. App. P. 4(a)(5) motion filed more than thirty days after expiration of initial appeal period).

Further, under Rule 4, this Court may reopen the time to file an appeal only if all three of the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.
>
> Fed. R. App. P. 4(a)(6).

Plaintiffs fail to show the aforementioned conditions in the present case.

Plaintiffs do not argue that their alleged lack of notice of the Dismissal Order is due in any part to their neglect, excusable or otherwise. Instead, they state that they received no "official notice" of the dismissal.

On January 8, 2016, Plaintiff Gregory Walsh filed an E-Noticing Registration Request for Pro Se Litigants with this Court and provided an e-mail address for electronic service.

4

This Court granted Plaintiffs' Request on January 13, 2016. Pursuant to this request, Plaintiff Gregory Walsh consented to receive notice of filings via the Court's electronic filing system and waived "service and notice by first class mail of all electronically filed documents to include orders and judgments."

On January 22, 2016, this Court sent electronic notification of the Dismissal Order. As shown on the electronic notice, Plaintiff Gregory Walsh was sent electronic notification of the Court's Dismissal Order to the email address provided in his E-Noticing Registration Request. Additionally, the electronic notice shows that the Order was mailed to Plaintiff Christina Walsh at her address of record, which is the same address that Plaintiff Gregory Walsh is using as his address in the Motion. Accordingly, Plaintiffs cannot credibly state that this Court did not provide them with notice of the January 22, 2016 Order. It is implausible that neither electronic notice nor notice by mail was provided to Plaintiffs.

Plaintiffs seek to revive their expired right of appeal in this matter by presumably placing the blame on the Court for their alleged failure to receive notice of the Dismissal Order. Plaintiffs' right of appeal expired, and Plaintiffs make no showing that they are entitled to an extension of time or opportunity to reopen the time to notice an appeal. Plaintiffs' Motion to Extend Time in Which to File an Appeal must be denied.

An appropriate order shall issue.

                                                   */s/ Claude M. Hilton*
                                                   CLAUDE M. HILTON
                                                 UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July 7, 2016